# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BEVERLY KINDSCHUH,**

    Plaintiff,

    -vs-                                    Case No. 13-C-1203

**CITY OF FOND DU LAC,**

    Defendant.

## DECISION AND ORDER

This action, filed by pro se Plaintiff Beverly Kindschuh ("Kindschuh"), is before the Court on the motion for summary judgment filed by her former employer, the Defendant City of Fond du Lac (the "City"). (ECF No. 16.) Because Kindschuh did not file a response to the City's proposed findings of fact (ECF No. 18), they in large part provide the factual basis for the resolution of the motion. *See* Fed. R. Civ. P. 56(e)(2)-(3); Civ. L.R. 56(b)(4) (E.D. Wis.).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary judgment should be granted when a party that has had ample time for discovery fails to "make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* If the moving party establishes the absence of a genuine issue of material fact, the non-moving party must demonstrate that there is a genuine dispute over the material facts of the case. *Id.* at 323-24. The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in their favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.,* 320 F.3d 748, 752 (7th Cir. 2003).

## Relevant Facts

Kindschuh was employed by the City between 1989 and 2001. Initially she worked as a bus driver, later she transferred to the Parks Department. Between 1999 and 2001 Kindschuh filed three employment discrimination complaints with the Wisconsin Equal Rights Division of Department of Workforce Development ("ERD") and one federal lawsuit against the City.

In a 1999 ERD complaint, Kindschuh alleged that she was being treated differently than similarly situated male coworkers, was given assignments that were more difficult to complete, and was being subjected

to discipline that male employees were not.  In a 2000 ERD complaint, Kindschuh alleged that the City retaliated against her for filing the 1999 ERD complaint.  In a 2001 ERD complaint, Kindschuh alleged that the City retaliated against her for filing the previous ERD complaints.  The City denied all the allegations in Kindschuh's three complaints.

In 2001, Kindschuh filed a federal lawsuit against the City in this District, case number 01-C-694 (the "694 action"), alleging discrimination based on her gender, disability, and age.  Kindschuh claimed discrimination and sexual harassment related to supervisors "find[ing] fault with work performance." (Sara Mills ("Mills") Aff. ¶ 5, Ex. D, 5.) (ECF Nos. 17-1, 17-5.)  She also alleged "Discrimination. Medical Condition ADA. Works Comp Claim Denied. Humiliation–In Dept[.] and Doctor Exam. Emotional Stress and Pain." (*Id.*)  She also claimed "Hostile Work Environment," alleged that a foreman physically assaulted one of her coworkers, and within the same claim stated "Discrimination–Age and Ability." (*Id.* at 5-6.)  She alleged "physical intimidation," and that she was treated differently than men with regard to her job assignments.  Kindschuh further alleged harassment related to "Management Abuse of Power" and "Applying Pesticides & Herbicides" and improper handling of

complaints by the City and her supervisors. (*Id.*)[1]

In 2001 the three ERD complaints and the 694 action were resolved by a settlement agreement requiring Kindschuh to release all her claims, dismiss all her pending actions, and resign from her employment with the City. (Mills Aff. ¶ 9, Ex. H.) (ECF No. 17-9.) As part of the agreement, the City agreed to provide Kindschuh monetary compensation and limited health insurance benefits. (*Id.* at 2-3.) Kindschuh signed the settlement agreement and release, effectively terminating her three ERD complaints and her 2001 federal lawsuit. (*Id.* at 7.) On January 10, 2002, the 694 action was dismissed with prejudice. (*Id*. at 13-14).

---

[1] Paragraph 22 of the City's proposed findings of fact states, "[a]t all times during the 2001 federal litigation in [the 694 action Kindschuh] was represented by counsel," citing exhibit H to the Mills affidavit. However, section 4(d) of exhibit H, the settlement agreement, states that Kindschuh "consulted and relied upon the advice of an attorney of her choice in the negotiation, consideration and execution of this Agreement." And, the Court *sua sponte* takes judicial notice of the docket for and documents filed in the 694 action which do not list any attorney for Kindschuh. Federal Rule of Evidence 201 permits the Court to take judicial notice because this matter is within the public record and therefore not subject to reasonable dispute and can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 201(c)(1) (the Court may take judicial notice on its own initiative). Furthermore, case law establishes that courts may take judicial notice of public court documents, s*ee Henson v. CSC Credit Sers.,* 29 F.3d 280, 284 (7th Cir. 1994), and the Court may take judicial notice of adjudicative facts "at any stage of the proceeding" Fed. R. Evid. 201(d). Because paragraph 22 overstates the underlying factual material and conflicts with the docket and record in the 694 action, it has not been included in the relevant facts. Additionally, the fact is also not material to the issues raised by the City's motion.

Following her resignation Kindschuh applied for retirement benefits through the Wisconsin Retirement System. On July 18, 2005, the Wisconsin Department of Employee Trust Funds ("DETF") determined that Kindschuh did not meet the creditable service requirements for either disability benefits under Wis. Stat. § 40.63 or long-term disability insurance benefits. (Mills Aff. ¶10, Ex. I ¶ 6; Ex. K ¶ 5.) (ECF Nos. 17-10, 17-12.) The DETF's determination letter advised Kindschuh that she could appeal the DETF's determination within 90 days.

On October 19, 2005, the DETF received a letter from Kindschuh arguing that she was wrongfully denied disability benefits and that she suffered from fibromyalgia, depression, chronic fatigue and chronic pain, and had pesticides in her system. The DETF construed the letter as an appeal of its July determination and referred it to the Division of Hearings and Appeals, which dismissed that appeal as untimely.

In 2006, Kindschuh filed a petition in Dane County Circuit Court, case number 06-CV-2746 (the "2746 action"), for review of the DETF's 2005 decision and a subsequent decision by the Wisconsin Retirement Board. Kindschuh alleged that she was seeking benefits as "a former employee of the City . . . .," that she was disabled, and that the decisions of the named defendants wrongfully denied her disability benefits. (Mills Aff. ¶ 10, Ex.

I.) On December 1, 2006, the 2746 action was dismissed. (Mills Aff. ¶ 13, Ex. L.) (ECF No. 17-13.) On December 22, 2006, Kindschuh's motion for reconsideration was denied. (Mills Aff. ¶ 14, Ex. M.) (ECF No. 17-14.)

On February 27, 2009, Kindschuh filed another federal lawsuit in this District against various parties including the City, case number 09-C-214 (the "214 action"), which included allegations that City officials neglected to provide her with sufficient documents concerning the Wisconsin Retirement System at the time of her 2001 resignation, allegations of federal employment discrimination because her "[e]mployer could not see 'illness' civil rights violation I believe happened here," and allegations that that her attorney and representatives of the Wisconsin Retirement System neglected to provide her with sufficient retirement information following her 2001 resignation. She stated, "[m]isrepresentation–both from the City . . . and [my attorney]. Had I been told the truth I would not have entered into [the 2001 settlement agreement]." (Mills Aff. ¶ 15, Ex. N.) (ECF No. 17-15.) Her complaint also included a legal malpractice claim against the attorney who helped her negotiate the settlement in the 694 action and represented her on the appeal of the Wisconsin Retirement System's decisions.

On April 17, 2009, Kindschuh filed case number 09-C-397 (the "397 action") in this District. It was a legal malpractice action against the attorney who represented her in her actions between 1999 and 2001. (Mills Aff. ¶ 16, Ex. O.) (ECF No. 17-16.)

On June 19, 2009, the attorney malpractice claim in the 214 action and the entire 397 legal malpractice action against Kindschuh's former attorney were dismissed for lack of subject matter jurisdiction. (Mills Aff. ¶ 18, Ex. Q.) (214 action, ECF No. 37.) (397 action, ECF No. 15.)

On April 14, 2010, summary judgment was granted in the 214 action dismissing Kindschuh's federal employment discrimination claims based on the doctrine of claim preclusion, and dismissing her claim related to the settlement agreement and her tort-based claims based on the statutes of limitations. (Mills Aff. ¶ 17, Ex. P.) (214 action, ECF No. 68.) Final judgment dismissing the action was entered on April 14, 2010. (214 action, ECF No. 69.)[2]

The joint Rule 26(f) report describes this case as "alleg[ing] that while [Kindschuh] was employed by the [City], acts or omissions by the [City] resulted in civil rights violations of the Americans with Disabilities Act, Fair Labor Standards Act, Labor Management Relations, Family

---

[2] The Court takes judicial notice of the judgment entered in the 214 action. *See infra n. 1.*

Medical Leave Act, Employee Retirement Income Security Act, and age discrimination and gender bias." (ECF No. 11.) Kindschuh's Complaint also states that the City's human resource director was too busy with "child porn" on the computer to provide her with information about short- and long-term disability benefits, and if such information had been provided she would not have signed the settlement agreement. (Compl. 4.) (ECF No. 1.) In this action, Kindschuh further relates that her attorney provided incorrect advice that she could recover losses through workers compensation, that the administrative law judge did not allow her to speak during the hearing, and that the record of her hearing testimony is not completely accurate. (*Id.* at 3-4.)

## Analysis

The City asserts that the action is barred by claim preclusion and all applicable statutes of limitations, and that Kindschuh has failed to state a claim upon which relief may be granted. (ECF No. 17.) Kindschuh's response, albeit belated, states that her case has never been heard, and she provides the names and/or titles of several individuals that she wants to call as witness. (ECF No. 20.)

*Claim Preclusion*

In asserting that Kindschuh's action is barred, the City relies upon the 2001 federal court settlement in the 694 action, the state court appeal regarding Kindschuh's claim for state disability and retirement benefits, and the final judgment dismissing the 214 action.

With respect to the 694 and 214 actions, "[c]laim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its "operative facts," *see Herrmann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223[, 226] (7th Cir. 1993)); and the same litigants (directly or through privity of interest)." *U.S. ex rel. Lusby v. Rolls-Royce Corp.,* 570 F.3d 849, 851 (7th Cir. 2009) (citing *Taylor v. Sturgell,* 553 U.S. 880 (2008); *Bobby v. Bies,* 556 U.S. 825 (2009) (defining the elements of issue preclusion in federal litigation)).

Claim preclusion based on Kindschuh's state court petition for review is determined by the substantive Wisconsin law of claim preclusion, and requires the presence of three elements to apply claim preclusion: (1) an "identity between the parties or their privies in the prior and present suits;" (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction;" and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglas Corp.,* 230

Wis.2d 212, 601 N.W.2d 627, 637 (Wis. 1999). The burden to prove the elements listed above is upon the party asserting that claim preclusion applies. *Pasko v. City of Milwaukee,* 252 Wis.2d 1, 643 N.W.2d 72, 78 (Wis. 2002). In addition to these elements, claim preclusion may also operate to bar a litigant from asserting claims in a subsequent action that the litigant failed to assert in the previous action. *See A.B.C.G. Enter., Inc. v. First Bank Se.,* 184 Wis.2d 465, 515 N.W.2d 904, 908 (Wis. 1994).

In her first federal suit, the 694 action, Kindschuh raised discrimination claims related to her employment with the City, which were based on Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). When the parties settled that suit, they stipulated to a dismissal with prejudice. Such a dismissal is a final judgment for purposes of claim preclusion and so bars the present suit. *Brooks-Ngwenya v. Indianapolis Pub. Schs.*, 564 F.3d 804, 808-09 (7th Cir. 2009) (citing *Cole v. Board of Tr.,* 497 F.3d 770, 773 (7th Cir. 2007); *Golden v. Barenborg,* 53 F.3d 866, 871 (7th Cir. 1995)). Although Kindschuh did not raise claims under the Fair Labor Standards Act, Labor Management Relations, or the Family Medical Leave Act in the 694 action, such claims arise out of Kindschuh's employment with the City and could have been raised in that

action. They are therefore barred under the doctrine of claim preclusion. Furthermore, the summary judgment decision in the subsequent 214 action also bars re-litigation of the issues.

Kindschuh's Complaint also states that the City's human resource director did not provide her with information about short- and long-term disability benefits, and if such information had been provided she would not have signed the settlement agreement. (Compl. 4.) The 214 action included allegations that at the time of her resignation City employees intentionally withheld or negligently failed to provide Kindschuh with certain retirement forms and information about disability benefits, which caused her financial loss. (Mills Aff., Ex. P, 1-2.) (ECF No. 17-17.) Those claims were dismissed as being barred by the applicable statute of limitations. (*Id.* at 9-10, 14-15.) The determination that the claims were time-barred is a decision on the merits and, therefore, claim preclusion bars Kindschuh's current claims. "A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion." *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir. 1996) (citing *Reinke v. Boden,* 45 F.3d 166, 168 (7th Cir. 1995); *Shaver v. F .W. Woolworth Co.,* 840 F.2d 1361, 1365 (7th Cir. 1988)). Therefore, Kindschuh's claim that the Human

Resource director did not provide her information is also barred by claim preclusion based on the final judgment in the 214 action.[3]

Based on the foregoing, Kindschuh's attempt to re-litigate claims against the City that were covered by the settlement in the 694 action and raised in the 214 action is improper because they are barred by claim preclusion. Because Kindschuh's claims in this action are barred by claim preclusion, the Court need not address whether the claims are also barred by the statute of limitations and/or fail to state a cause of action. Therefore, based on federal claim preclusion, the City's summary judgment motion is granted.

This is the third federal action that Kindschuh has filed related to her employment with the City and the litigation and settlement of her claims against the City, including her claims for state disability and/or retirement benefits. It is clear that Kindschuh is dissatisfied with the situation surrounding her settlement with the City and the outcome of subsequent claims and legal proceedings; however, Kindschuh is advised that repetitive federal filings based on the same factual circumstances will be deemed frivolous and may subject her to monetary sanctions and/or

---

[3] The City also relies on Wisconsin claim preclusion as barring Kindschuh's claims related to state disability and retirement benefits.

restrictions on her ability to file papers within this judicial circuit. *See Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The City's motion for summary judgment based on federal claim preclusion of Kindschuh's current claims arising out of her employment with the City, the subsequent 2001 settlement of that action, and her claims for state disability and retirement benefits (ECF No. 16) is **GRANTED**;

This action is **DISMISSED**; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2014.

                                        **BY THE COURT:**

                                        *[signature]*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**